# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Erika Ceniceros,

      Plaintiff

v.

Park MGM, LLC,

      Defendant

Case No.: 2:25-cv-00668-JAD-DJA

**Order Dismissing Case under FRCP 4(m)**

On July 14, 2025, the court notified Erika Ceniceros that this case would be dismissed under Federal Rule of Civil Procedure 4(m) for failure to serve Park MGM if prompt action were not taken. That notice advised, "this action may be dismissed without prejudice . . . unless proof of service is filed with the clerk by" August 13, 2025. "Service on the party must have taken place prior to the expiration of the time limit set forth in Fed. R. Civ. P. 4(m), or good cause must be shown as to why such service was not made in that period. Failure to comply with this notice may result in dismissal of the action without prejudice as to said parties."[1] That deadline passed without notice of service.

FRCP 4(m) requires service of the summons and complaint to be completed within 90 days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a

---

[1] ECF No. 9.

specified time."[2]  Rule 4(c)(1) further makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)."[3]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4]  A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7]  And the fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

---

[2] Fed. R. Civ. Proc. 4(m).

[3] Fed. R. Civ. Proc. 4(c).

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[6] *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9]  Because this litigation cannot move forward without service of process, the only alternative is to enter a second order setting another deadline.  But issuing a second order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

Because Ceniceros has not demonstrated that process has been served on Park MGM within the time prescribed by FRCP 4(m), **IT IS ORDERED that this case is DISMISSED without prejudice** under FRCP 4(m).  **The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
February 27, 2026

---

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

3